Matthew G. English (SBN 204869)
LAW OFFICES OF MATTHEW G. ENGLISH
7676 Hazard Center Dr Ste 500
San Diego CA 92108-4508
(619) 725-2725

Attorney for Plaintiff JAMES SCOTT

FILED

2008 APR 23 PM 12: 13

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ KWH _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAMES SCOTT,

    Plaintiff,

vs.

MICHAEL CHERTOFF, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY.

    Defendants

Case No.: 08 CV 0735 BTM JMA

COMPLAINT FOR DISABILITY DISCRIMINATION, REPRISAL/RETALIATION, AND AGE DISCRIMINATION

JURY TRIAL DEMANDED

Plaintiff JAMES SCOTT complains and alleges as follows:

## JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. § 1331, the Vocational Rehabilitation Act of 1973, and the Age Discrimination in Employment Act of 1967.

## VENUE

2. Venue is proper in the Southern District of California as the judicial district in which the unlawful employment practices occurred and in which relevant employment records are maintained and administered.

///
///

Complaint - 1

## PARTIES

3. Plaintiff JAMES SCOTT is, and at all relevant times, was a resident of the State of California, County of San Diego, employed by the Department of Homeland Security as a Criminal Investigator until his termination/removal in March 2007.

4. Defendant, MICHAEL CHERTOFF, is the Secretary of the Department of Homeland Security, and is sued in that capacity as head of the Department of Homeland Security.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. Plaintiff worked for the Federal Protective Service (FPS) for 16 years, primarily as a criminal investigator GS-1811-12. Plaintiff was terminated in March 2007. Formally organized under the General Services Administration (GSA), the FPS is currently, and was at the time of Plaintiff's termination, part of the U.S. Immigration and Customs Enforcement (ICE), Department of Homeland Security (DHS).

6. Plaintiff engaged in EEO activity as a witness in or about 1998. Plaintiff also filed pleadings with the U.S. Court of Appeal in or about 2005.

7. In the past, Plaintiff has suffered from respiratory ailments (recurring rhinitis or sinusitis) and suffered a work-related upper arm/shoulder injury. Plaintiff filed workers compensation claims regarding these ailments/injuries, all of which have medically resolved. Defendant has at all relevant times regarded Plaintiff as having a disability within the meaning of the Vocational Rehabilitation Act of 1973.

8. Plaintiff is and, at all relevant times hereto, was over 40 years of age. Plaintiff was born November 20, 1954.

9. After Plaintiff engaged in prior EEO activity and after Defendant became aware of Plaintiffs physical ailments, Defendant embarked upon a campaign of retaliatory conduct designed to embarrass, humiliate, and violate the rights of Plaintiff, and to deprive Plaintiff of the benefits of his employment with Defendant.

10. Defendants campaign of retaliatory conduct targeting Plaintiff increased after Plaintiff confirmed in writing to Defendant that Plaintiff turned 50 years of age.

11. Defendant made repeated impermissible and unwarranted inquiries into Plaintiff's medical history and made invasive and unnecessary requests for Plaintiff's medical records.

12. In 2005, Plaintiff was ordered to submit to medical and psychological examination, surrender his service weapon, and ordered to provide medical information.

13. In or about January 2005, Defendant wrongfully removed Plaintiff's law enforcement authority on the basis of his temporary repetitive-motion shoulder injury. Several months later, Plaintiff was fully cleared for duty by Kaiser Permanente/Department of Occupational Medicine, which had ceased all treatment of Plaintiff. Defendant never returned Plaintiff's law enforcement authority.

14. In or about April 2005, agency officials attempted to classify Plaintiff as having "mental health issues" in further retaliation and harassment of Plaintiff.

15. On or about May 14, 2006, Plaintiff was suspended from duty for fourteen days, purportedly for failing to carry out instructions of a superior.

16. Defendant's medical examination requirements are based upon subjective medical standards and target older employees.

17. Defendant terminated Plaintiff's employment on or about March 5, 2007, because Defendant perceived Plaintiff to be disabled, and/or because of Plaintiff's age, and/or in retaliation for Plaintiff's prior EEO activity.

18. Plaintiff timely and properly exhausted his administrative remedies. Plaintiff filed EEO complaints alleging age discrimination, disability discrimination and retaliation on September 15, 2005, September 5, 2006, October 18, 2006, December 5, 2006, January 5, 2007 and March 7, 2007, (DHS Case Nos. IC-05-W391, HS-06-ICE-002644). More than 180 days have elapsed since Plaintiff initiated EEO proceedings, permitting him to bring this action in federal court. 42 U.S.C. § 2000e-16(c).

### FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION (VOCATIONAL REHABILITATION ACT OF 1973)

19. Plaintiff hereby realleges and incorporates by reference, as though fully set forth herein, the allegations contained in each and every preceding paragraph of this complaint.

20. Plaintiff was at all material times a federal employee covered by the Vocational Rehabilitation Act of 1973 which prohibits discrimination in employment on the basis of disability.

21. Defendant is, and at all material times was, an employer within the meaning of Vocational Rehabilitation Act of 1973 and, as such, is barred from discriminating in employment decisions on the basis of disability.

22. Defendant has at all relevant times regarded Plaintiff as having a disability within the meaning of the Vocational Rehabilitation Act of 1973.

23. Defendant discriminated against Plaintiff on the basis of disability in violation of Vocational Rehabilitation Act of 1973 by engaging in a continuing course of conduct which has included, but is not limited to, at least some of the acts alleged above, including terminating Plaintiff because Defendant perceived Plaintiff as disabled.

24. As a proximate result of Defendant's discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation, and other employment benefits and has suffered, and continues to suffer, embarrassment, humiliation and mental anguish, all to his damage in an amount according to proof.

25. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to his attorneys' fees and costs of suit as provided by the Vocational Rehabilitation Act of 1973.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION

### RETALIATION

26. Plaintiff hereby realleges and incorporates by reference, as though fully set forth herein, the allegations contained in each and every preceding paragraph of this complaint.

27. By virtue of the conduct set forth above, plaintiff was subjected to unlawful retaliatory conduct which commenced after having engaged in protected activity and from which a retaliatory motive can be inferred.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## THIRD CAUSE OF ACTION

## AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

28. Plaintiff hereby realleges and incorporates by reference, as though fully set forth herein, the allegations contained in each and every preceding paragraph of this complaint.

29. Plaintiff was at all times material hereto an employee covered by the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., prohibiting discrimination in employment on the basis of age.

30. Defendant is, and at all times material hereto was, an employer within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and, as such, barred from discriminating in employment decisions on the basis of age.

31. Defendant discriminated against Plaintiff on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., by engaging in a course of conduct which included, but is not limited to, at least some of the acts set forth above.

32. As a proximate result of Defendant's discrimination against Plaintiff, Plaintiff suffered losses in earnings, bonuses, deferred compensation and other employment benefits. Plaintiff is entitled to an amount of liquidated damages, equal to the amount of back pay and other economic benefits, due to the willfulness of Defendants' violation of Plaintiff's rights under the Age Discrimination in Employment Act.

33. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by 29 U.S.C. § 216(b), 626(b).

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

1. For damages according to proof including loss of earnings, deferred compensation and other employment benefits;

2. For compensatory damages for losses resulting from humiliation, mental anguish, harm to reputation and emotional distress according to proof;
Complaint - 5

3. For interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits at the prevailing rates;

4. For reinstatement of Plaintiff to the position from which he was wrongfully terminated or a comparable position in Defendant's organization and all benefits attendant thereto that would have been afforded Plaintiff but for said wrongful conduct;

5. That Defendant, his agents, successors, employees and those acting in concert, be enjoined permanently from engaging in each of the unlawful practices, policies, usages and customs set forth herein;

6. For costs of suit incurred herein including attorney's fees;

7. For such other relief as the Court may deem just and proper.

LAW OFFICES OF MATTHEW G. ENGLISH

DATED: April 21, 2008          By: _____
                                    Matthew G. English
                                    Attorney for Plaintiff
                                    JAMES SCOTT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in the above action.

LAW OFFICES OF MATTHEW G. ENGLISH

DATED: April 21, 2008          By: _____
                                    Matthew G. English
                                    Attorney for Plaintiff
                                    JAMES SCOTT

Complaint - 6

```
          UNITED STATES
          DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

         # 150117    - MS

         April 23, 2008
            12:12:02


         Civ Fil Non-Pris
USAO #.: 08-CV-0735  CIVIL FILING
Judge..: BARRY T MOSKOWITZ
Amount.:                  $350.00 CK
Check#.: BC005370



       Total-> $350.00


   FROM: SCOTT VS. CHERTOFF
         CIVIL FILING
```

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JAMES SCOTT

**DEFENDANTS**
MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Matthew G. English, 7676 Hazard Center Dr Ste 500, San Diego CA 92108-4508; (619) 725-2725

Attorneys (If Known)
Office of the U.S. Attorney

08 CV 0735 BTM JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Vocational Rehabilitation Act of 1973, Age Discrimination in Employment Act of 1967
Brief description of cause:
Discrimination (age/perceived disability); Retaliation.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 04/21/2008
SIGNATURE OF ATTORNEY OF RECORD: Matthew G. English

**FOR OFFICE USE ONLY**

RECEIPT # 150117   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE

MS 4/23/08