KAREN P. HEWITT
United States Attorney
TIMOTHY C. STUTLER
Assistant U.S. Attorney
California State Bar No. 131794
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7387

Attorneys for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES SCOTT, | ) | Civil No. 08cv0735BTM(JMA) |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S ANSWER TO COMPLAINT |
| | ) | FOR DISABILITY DISCRIMINATION, |
| v. | ) | REPRISAL/RETALIATION, AND AGE |
| | ) | DISCRIMINATION |
| | ) | |
| MICHAEL CHERTOFF, SECRETARY, | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW Defendant, Michael Chertoff, in his official capacity as Secretary of the Department of Homeland Security, through his attorneys, Karen P. Hewitt, United States Attorney, and Timothy C. Stutler, Assistant United States Attorney, and answers Plaintiff's Complaint for Disability Discrimination, Reprisal/Retaliation, and Age Discrimination ("Complaint") as follows:

1. Paragraph 1 of Plaintiff's Complaint contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent the Paragraph requires an answer, Defendant admits that Plaintiff alleges jurisdiction under the legislation cited. Except as expressly admitted, Defendant denies, generally and specifically, each, all and every remaining allegation in said Paragraph.

2. Paragraph 2 of Plaintiff's Complaint contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent the Paragraph requires an answer, Defendant admits that Plaintiff alleges

venue in this judicial district.  Except as expressly admitted, Defendant denies, generally and specifically, each, all and every remaining allegation in said Paragraph.

3.     Answering Paragraph 3 of Plaintiff's Complaint, Defendant alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residency after his removal and, based thereon, denies, generally and specifically each, all and every allegation regarding that issue.  Defendant admits the substantial truth of the remaining allegations contained in said Paragraph.

4.     Answering Paragraph 4 of Plaintiff's Complaint, said Paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.  To the extent the Paragraph requires an answer, Defendant admits that he is Secretary of the Department of Homeland Security and is sued in that capacity.  Except as expressly admitted, Defendant denies, generally and specifically, each, all and every remaining allegation in said Paragraph.

5.     Defendant denies that Plaintiff worked primarily as a criminal investigator GS-1811-12.  Defendant admits the remaining allegations in said Paragraph.

6.     Answering Paragraph 6 of Plaintiff's Complaint, Defendant alleges that due to the vagueness of the first sentence, he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and based thereon, denies, generally and specifically each, all and every such allegation.  Regarding the second sentence, Defendant admits the substantial truth of the allegations contained therein.

7.     Answering Paragraph 7 of Plaintiff's Complaint, regarding the first sentence, Defendant admits the substantial truth of the allegations contained therein.  Regarding the second sentence, Defendant admits that Plaintiff filed workers compensation claims regarding the specified alleged medical conditions.  Regarding the third sentence, Defendant alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and based thereon, denies, generally and specifically each, all and every such allegation.  Except as expressly admitted, Defendant denies, generally and specifically, each, all and every remaining allegation in said Paragraph and specifically denies any wrongful or discriminatory or

retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

8.     Answering Paragraph 8 of Plaintiff's Complaint, Defendant admits the substantial truth of the allegations contained therein.

9.     Answering Paragraph 9 of Plaintiff's Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.  Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

10.    Answering Paragraph 10 of Plaintiff's Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.  Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

11.    Answering Paragraph 11 of Plaintiff's Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.  Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

12.    Answering Paragraph 12 of Plaintiff's Complaint, Defendant admits the substantial truth of the allegations contained therein.

13.    Answering Paragraph 13 of Plaintiff's Complaint, Defendant admits that he removed and did not restore Plaintiff's law enforcement authority.  Except as expressly admitted, Defendant denies, generally and specifically, each, all and every remaining allegation in said Paragraph and specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

14.    Answering Paragraph 14 of Plaintiff's Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.  Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

///

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendant admits that on or about May 14, 2006, Plaintiff was suspended from duty for fourteen days, reportedly and actually for failing to carry out the instructions of a superior.

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein. Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendant admits that he terminated Plaintiff's employment on or about March 5, 2007. Except as expressly admitted, Defendant denies, generally and specifically, each, all and every remaining allegation in said Paragraph and specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

18. Answering Paragraph 18 of Plaintiff's Complaint, regarding the first sentence, Defendant denies, generally and specifically, each, all and every allegation contained therein. Regarding the second sentence, Defendant admits the substantial truth of the allegations contained therein. Regarding the third sentence, Defendant admits that 180 days have passed since Plaintiff initiated EEO proceedings. Except as expressly admitted, Defendant denies, generally and specifically, each, all and every remaining allegation in said Paragraph and specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

19. Answering Paragraph 19 of Plaintiff's Complaint, Defendant realleges and incorporates herein by reference each of the preceding paragraphs of this Answer as though fully set forth herein.

20. Answering Paragraph 20 of Plaintiff's Complaint, Defendant admits that at all material times, the Rehabilitation Act (29 U.S.C. § 701 et seq.) prohibited disability discrimination in some circumstances, and that Plaintiff was a federal employee. Except as expressly admitted, Defendant denies, generally and specifically, each, all and every remaining allegation in said

///

Paragraph and specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

21.    Answering Paragraph 21 of Plaintiff's Complaint,  Defendant admits that at all material times, the Department of Homeland Security was an employer within the meaning of the Rehabilitation Act (29 U.S.C. § 701 et seq.), and was prohibited from disability discrimination in some circumstances.  Except as expressly admitted, Defendant denies, generally and specifically, each, all and every remaining allegation in said Paragraph and specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

22.    Answering Paragraph 22 of Plaintiff's Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.  Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

23.    Answering Paragraph 23 of Plaintiff's Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.  Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

24.    Answering Paragraph 24 of Plaintiff's Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.  Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

25.    Answering Paragraph 25 of Plaintiff's Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.  Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

26.    Answering Paragraph 26 of Plaintiff's Complaint, Defendant realleges and incorporates herein by reference each of the preceding paragraphs of this Answer as though fully set forth herein.

08cv0735

27.    Answering Paragraph 27 of Plaintiff's Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.  Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

28.    Answering Paragraph 28 of Plaintiff's Complaint, Defendant realleges and incorporates herein by reference each of the preceding paragraphs of this Answer as though fully set forth herein.

29.    Answering Paragraph 29 of Plaintiff's Complaint, Defendant denies that the Age Discrimination in Employment Act prohibits discrimination based on age in all circumstances. Defendant admits the substantial truth of the remaining allegations contained in said Paragraph.

30.    Answering Paragraph 30 of Plaintiff's Complaint, Defendant admits that at all material times, the Department of Homeland Security was an employer within the meaning of the Age Discrimination in Employment Act, and was prohibited from age discrimination in some circumstances.  Except as expressly admitted, Defendant denies, generally and specifically, each, all and every remaining allegation in said Paragraph and specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

31.    Answering Paragraph 31 of Plaintiff's Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.  Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

32.    Answering Paragraph 32 of Plaintiff's Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.  Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

33.    Answering Paragraph 33 of Plaintiff's Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.  Defendant specifically denies any

///

wrongful or discriminatory or retaliatory conduct on the part of Defendant, or any other agents or employees of the United States Government.

34.    The remaining allegations of the Complaint constitute Plaintiff's Prayer for Relief, to which no response is required. To the extent those allegations require answers, Defendant denies, generally and specifically, each, all and every such allegation.

35.    Defendant hereby specifically denies all of the allegations of the Complaint not hereinbefore expressly admitted.

<u>AFFIRMATIVE AND OTHER DEFENSES</u>

1.    The Court lacks subject matter jurisdiction over one or more of Plaintiff's claims.

2.    Plaintiff has failed to state a claim upon which relief may be granted.

3.    Plaintiff has failed to timely, fully and sufficiently exhaust his administrative remedies.

4.    Plaintiff has failed to adequately mitigate his damages, if any, and any recovery or any other award to which he is entitled should be reduced accordingly.

5.    Income taxes must be deducted from all alleged past and future lost earnings, if any.

6.    To the extent the employment practices of which Plaintiff complains were undertaken by Defendant, they were undertaken for lawful, valid, legitimate business reasons and/or were based on business necessity.

7.    Defendant is entitled to an offset against damages, if any, for all monies paid from other federal sources to or for the benefit of Plaintiff as a result of Plaintiff's injuries, including the amount of any workers compensation benefits.

8.    Plaintiff's compensatory damages are limited to three hundred thousand dollars ($300,000).

9.    All future damages, if any, must be reduced to present value.

10.    Plaintiff cannot demonstrate that Defendant's stated reasons for Defendant's actions were a pretext for unlawful discrimination.

11.    Plaintiff is not entitled to pretrial interest.

///

12.      To the extent the employment practices of which Plaintiff complains were undertaken by Defendant, Defendant denies any discriminatory, retaliatory or otherwise unlawful motive and would have taken the same actions absent discriminatory, retaliatory or otherwise unlawful motive.

13.      Defendant had effective discrimination, retaliation and harassment prevention policies in place, and Plaintiff did not take reasonable care to prevent harm.

14.      Plaintiff is not entitled to recover declaratory or injunctive relief, or prejudgment interest.

15.      Back and front pay are equitable remedies that can be determined only by the Court.

16.      Plaintiff is not an otherwise qualified individual with a disability as that term is defined by law.

17.      To the extent the employment practices of which Plaintiff complains were undertaken by Defendant, one or more of them were undertaken because Plaintiff posed a direct threat to himself and/or others in the workplace.

18.      Plaintiff's claims and/or damages are barred in whole or in part by evidence acquired after the decision(s) in question.

WHEREFORE, Defendant prays that Plaintiff take nothing by his Complaint and that Judgment be rendered in favor of Defendant and against Plaintiff, for all costs of suit incurred herein, and for all other relief that the Court deems proper.

DATED: July 18, 2008          Respectfully submitted,
                              KAREN P. HEWITT
                              United States Attorney


                               s/ Timothy C. Stutler
                              TIMOTHY C. STUTLER
                              Assistant U.S. Attorney
                              Attorneys for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES SCOTT, | ) | Civil No. 08cv0735BTM(JMA) |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| MICHAEL CHERTOFF, SECRETARY, | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Timothy C. Stutler, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the following document(s) on the parties indicated below by electronically filing said document(s) with the Clerk of the District Court using its ECF System, which electronically notifies them:

DOCUMENT(S) SERVED:

DEFENDANT'S ANSWER TO COMPLAINT FOR DISABILITY DISCRIMINATION, REPRISAL/RETALIATION, AND AGE DISCRIMINATION

PARTIES ON WHOM SERVED:

Matthew G. English, Esq., Law Offices of Matthew G. English, 7676 Hazard Center Drive, Suite 500, San Diego, CA 92108

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 18, 2008.

s/ Timothy C. Stutler
TIMOTHY C. STUTLER