# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCOTT,<br><br>                                Plaintiff,<br>v.<br><br>JANET A NAPOLITANO, DEPARTMENT OF HOMELAND SECURITY,<br><br>                                DefendantS. | Case No. 08cv0735 BTM(JMA)<br><br>**ORDER GRANTING IN PART AND DENYING PART DEFENDANT'S EX PARTE APPLICATION TO CANCEL OR LIMIT SCOPE OF EVIDENTIARY HEARING** |

Defendant has filed an ex parte application to cancel or limit the scope of the evidentiary hearing on Defendant's motion to enforce settlement. For the reasons discussed below, Defendant's application is **GRANTED IN PART and DENIED IN PART**.

## I. BACKGROUND

Plaintiff and Defendant filed competing motions to enforce settlement. In an order filed on July 10, 2012, the Court denied Plaintiff's motion to enforce an alleged settlement reached on July 28, 2011, and granted an evidentiary hearing on Defendant's motion to enforce the August 12, 2010 Memorandum of Settlement.

The Court granted an evidentiary hearing on the issue of whether Plaintiff could avoid enforcement of the Memorandum based on unilateral or mutual mistake of fact. The Court found that there was a factual question as to whether there was a mutual or unilateral

mistake with respect to (1) whether Plaintiff had the option of obtaining federal health coverage through an OPM waiver; and (2) whether $150,000 was sufficient to provide comparable health coverage to Plaintiff and his family.

## II. DISCUSSION

In its ex parte application, Defendant argues that the evidentiary hearing should be limited in scope or canceled.  As discussed below, the Court finds that the evidentiary hearing should be limited to the second issue regarding the cost of comparable health coverage.

With respect to the OPM waiver, Defendant raises a new argument - that Plaintiff was not statutorily eligible for the OPM waiver. Defendant should have raised this argument earlier in connection with the motions to enforce settlement or at least well before the scheduled evidentiary hearing.  Nevertheless, it appears that Defendant is correct.

5 U.S.C. § 8905 provides:

> An annuitant who at the time he becomes an annuitant was enrolled in a health benefits plan under this chapter--
>
> (1) as an employee for a period of not less than--
>
> (A) the 5 years of service immediately before retirement;
>
> (B) the full period or periods of service between the last day of the first period, as prescribed by regulations of the Office of Personnel Management, in which he is eligible to enroll in the plan and the date on which he becomes an annuitant; or
>
> (C) the full period or periods of service beginning with the enrollment which became effective before January 1, 1965, and ending with the date on which he becomes an annuitant;
>
> whichever is shortest; or
>
> (2) as a member of the family of an employee or annuitant;
>
> may continue his enrollment under the conditions of eligibility prescribed by regulations of the Office. The Office may, in its sole discretion, waive the requirements of this subsection in the case of an individual who fails to satisfy such requirements if the Office determines that, due to exceptional

>circumstances, it would be against equity and good conscience not to allow such individual to be enrolled as an annuitant in a health benefits plan under this chapter.

Defendant points out that Plaintiff did not qualify as an "annuitant," which is defined as:

>(A) an employee who retires--
>
>>(i) on an immediate annuity under subchapter III of chapter 83 of this title, or another retirement system for employees of the Government, after 5 or more years of service;
>>
>>(ii) under section 8412 or 8414 of this title;
>>
>>(iii) for disability under subchapter III of chapter 83 of this title, chapter 84 of this title, or another retirement system for employees of the Government; or
>>
>>(iv) on an immediate annuity under a retirement system established for employees described in section 2105(c), in the case of an individual who elected under section 8347(q)(2) or 8461(n)(2) to remain subject to such a system;

5 U.S.C. § 8901(3). Plaintiff was not eligible to retire as of the date of the mediation because he would not reach his minimum retirement age of 56 until November 20, 2010. Thus, Plaintiff was not an "annuitant" and was not in the category of employees to whom an OPM waiver was available.

Plaintiff does not dispute that he was statutorily ineligible for an OPM waiver. Instead, he argues that even if the OPM waiver was not a viable option, the parties were mistaken in concluding that there no mutually agreeable option to providing Plaintiff with FEHB benefits, as evidenced by the subsequent settlement negotiations. However, Defendant's willingness to provide FEHB benefits during the later settlement negotiations was based on the fact that Plaintiff's mandatory retirement date of November 20, 2010 was drawing near and, once the date passed, Defendant might be able to reinstate Plaintiff through November 20, 2010 and allow him to retire. At the time the parties entered into the August 12, 2010 Memorandum, reinstatement and retirement were not an option because Defendant was not willing to enter into a sham employment relationship.

Absent the option of an OPM waiver, it appears that the parties were not mistaken in proceeding on the assumption that there was no currently available option for obtaining

1  FEHB benefits.  Therefore, the Court eliminates this issue from the evidentiary hearing.

2       Defendant also argues that an evidentiary hearing is not warranted on the second
3  issue because Plaintiff has not shown that he had a reasonable belief that $150,000 would
4  be sufficient to obtain health insurance comparable to FEHB or that any error with respect
5  to the figure was the result of a calculation error as opposed to a judgment error.  See <u>White
6  v. Berrenda Mesa Water Dist.</u>, 7 Cal. App. 3d 894, 902-03 (1970).  However, questions
7  regarding how the $150,000 figure was derived, what Plaintiff believed it would cover, who
8  said what to Plaintiff regarding the figure, and whether any error as to what the $150,000
9  would cover was a pure judgment error or a mixed mistake of judgment and fact, are highly
10  factual in nature.  Accordingly, an evidentiary hearing on this issue is appropriate.

11  
12                                 **III.  CONCLUSION**

13       For the reasons discussed above, Defendant's ex parte motion is **GRANTED IN**
14  **PART** and **DENIED IN PART**.  The Court limits the evidentiary hearing to the issue of
15  whether there was a unilateral or mutual mistake as to whether $150,000 was sufficient to
16  provide comparable health coverage to Plaintiff and his family.

17  
18  **IT IS SO ORDERED.**
    DATED:  September 14, 2012
19  
20                                         BARRY TED MOSKOWITZ, Chief Judge
                                       United States District Court