LAURA E. DUFFY
United States Attorney
TIMOTHY C. STUTLER
Assistant U.S. Attorney
California State Bar No. 131794
LAURA GRIMES
Assistant U.S. Attorney
Virginia State Bar No. 75998
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7665/7748

Attorneys for the Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>JANET A. NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Civil No. 08cv0735BTM(JMA)<br><br>**DEFENDANT'S MOTION IN LIMINE ONE OF FIVE, TO EXCLUDE EVIDENCE OF AND REFERENCE TO THE LEGALITY OF DEFENDANT'S MEDICAL EXAM PROGRAM, THE DIFFERENT TYPES OF EXAMS AUTHORIZED BY THE PROGRAM AND THE EXAMS TO WHICH PLAINTIFF MAY HAVE BEEN SUBJECTED**<br><br>PRETRIAL CONF: July 18, 2013, @ 9:30 a.m.<br>TRIAL: July 22, 2013 @ 9:30 a.m.<br>CTRM: 15B<br><br>Hon. Barry T. Moskowitz |

///

///

///

///

///

///

///

## I

## SUMMARY OF MOTION

Defendant brings this motion to exclude evidence, Reference to and argument regarding of (1) the legality of Defendant's medical examination program, (2) the different types of exams available under the program, and (3) the types of exam to which Plaintiff was ordered to submit. These matters have been addressed by the Court on summary judgment and are not relevant to the issues remaining for trial.

## II

## FACTS RELEVANT TO THIS MOTION

Plaintiff was suspended and then terminated for refusing to answer medical questions and sign releases as ordered by his employer, Federal Protective Services ("FPS"). He filed suit alleging that he was discriminated against in violation of the Rehabilitation Act and the Age Discrimination in Employment Act and that he was retaliated against in violation of the Rehabilitation Act, the Americans With Disabilities Act ("ADA") and Title VII. The parties filed cross motions for summary judgment, which the Court resolved with an order partially granting and denying both parties' motions on May 3, 2010. MSJ Order, (Dckt. 46).

In its order, the Court determined that the difference between a "fitness for duty" exam and a "periodic exam" was irrelevant because, regardless of what labels the exams have, the legality of the medical examination of a public safety officer hinges on whether the exam is narrowly tailored to address specific job-related concerns. Id. at 12-14. The exam, by whatever name it went, that Plaintiff was ordered to complete was not narrowly tailored to determine Plaintiff's fitness for the essential functions of his job and was, therefore, impermissibly broad. Id. at 14. The Court also rejected Plaintiff's argument that FPS's entire medical examination program violated the Age Discrimination in Employment Act. Id. at 26.

///

///

III

SPECIFIC EVIDENCE TARGETED BY THIS MOTION

Plaintiff's proposed evidence and deposition designations make clear that he intends to resurrect these issues at trial. Plaintiff's exhibit 49 is 5 C.F.R. 449, the section of the Code of Federal Regulations authorizing the establishment of medical examination programs. Plaintiff has also designated deposition excerpts relevant only to the distinctions between the types of medical exams to which Plaintiff could have been ordered to submit and the medical examination program's legality. See MIL Ex. 7 at 19:6-24, 75:19-82:20; MIL Ex. 8 at 74:20-77:24; and MIL Ex. 10 at 14:7-15:3, 25:14-22, 28:2-30:11, 32:13-22, 51:5-52:5, 127:3-128:7, 135:14-18. For instance, from the deposition of Martha Montano:

> Q. Okay. But the situation you just described in your last response fits exactly the circumstances you were describing before about a fitness for duty exam, not an incumbent exam, correct? ...
>
> The witness: Well, like I told you, what they ask for and what they get is not the same.

MIL Ex. 7, 75:19-25. Plaintiff has also designated from the deposition of Susan Spannbauer:

> Q. Right. My question was what other types of exams did you understand that 339 permitted an agency to develop?
>
> A. My understanding is that you can develop periodic incumbent exams, preplacement applicant exams, fitness for duty, return to work, exit exams. Those would be the primary ones.
>
> Q. The secondary ones?
>
> A. Sometimes you can do an independent medical exam, but that's more of a limited scope evaluation.
>
> Q. Is an independent medical exam separate from a fitness for duty exam?

> A. Is it separate from a fitness for duty exam? I would say a fitness for duty exam is typically an overall medical examination, the components of which are very similar to a periodic incumbent exam; or they are pretty much the same.

MIL Ex. 9 at 28:2-20. Because this testimony relates to matters already conclusively determined by the Court during summary judgment, this testimony and any other evidence and argument also concerning the legality of the medical examination program and the different exams Plaintiff may have been ordered to undergo should be excluded.

IV

ARGUMENT

In order to prevail in this case, Plaintiff must establish that Defendant would not have suspended and terminated him but for his refusal to answer medical questions. PTO, (Dckt. 113 at 6). Evidence and argument of issues conclusively determined by the Court in its summary judgment order are not relevant to this inquiry and should be excluded. Under Federal Rule of Evidence 401, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." United States v. Curtin, 489 F.3d 935, 943 (9th Cir. 2007). "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in that case." Curtin, 489 F.3d at 943 (internal quotations and citations omitted).

Plaintiff's evidence of the legality of the medical exam program and the distinctions between the different types of exams is irrelevant to "[w]hether Plaintiff would have been suspended and terminated even if he had answered the disability-related inquiries." Dckt. 46 at 24. Plaintiff should not be permitted to make an end-run around the Court's summary judgment order by

resurrecting them now. See Sclafani v. Air and Liquid Systems Corp., 2013 WL 2477077, *9 (C.D. Cal. May 9, 2013) (excluding evidence and argument of matters fully adjudicated on summary judgment); See also United States v. Nevada, 2012 WL 1717296, *1 (D. Nev. April 30, 2012) (excluding evidence and argument at trial of whether plaintiff had satisfied USERRA's requirements when summary judgment had already been granted in the United States' favor on those issues).

Even if the Court determines Plaintiff's proposed evidence on the legality of the medical exam program and the different types of medical exams, it should nevertheless exclude the evidence because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time or needless presentation of cumulative evidence." Fed. R. Evid. 403. Evidence of the legality of the medical exam program and the different types of medical exams available under it will likely confuse the jury by overemphasizing issues of, at best, negligible probative value that have already been decided by the Court. Presentation of this highly technical evidence will certainly waste time at trial. Rule 403 counsels that the evidence should be barred to avoid these pitfalls.

V

## CONCLUSION

For the foregoing reasons, Defendant respectfully moves the Court for the exclusion of evidence of the legality of the medical exam program, the

///

///

///

///

///

distinctions between the different types of exams available under it, and the different exams to which Plaintiff may have been ordered to submit.

DATED: July 9, 2013

LAURA E. DUFFY
United States Attorney

s/ Laura Grimes
TIMOTHY C. STUTLER
Assistant U.S. Attorney
LAURA GRIMES
Assistant U.S. Attorney
Attorneys for the Defendant