LAURA E. DUFFY
United States Attorney
TIMOTHY C. STUTLER
Assistant U.S. Attorney
California State Bar No. 131794
LAURA GRIMES
Assistant U.S. Attorney
Virginia State Bar No. 75998
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7665/7748

Attorneys for the Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>JANET A. NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Civil No. 08cv0735BTM(JMA)<br><br>**DEFENDANT'S MOTION IN LIMINE TWO OF FIVE, TO EXCLUDE EVIDENCE OF AND REFERENCE TO THE LEGALITY OF DEFENDANT'S MEDICAL QUESTIONS AND RELEASE REQUESTS**<br><br>PRETRIAL CONF: July 18, 2013, @ 9:30 a.m.<br>TRIAL: July 22, 2013 @ 9:30 a.m.<br>CTRM: 15B<br><br>Hon. Barry T. Moskowitz |

///

///

///

///

///

///

///

///

///

///

I

SUMMARY OF MOTION

Defendant brings this motion to exclude evidence, reference to and argument regarding whether Defendant's medical questions and releases made overly-broad disability-based inquiries in violation of the Rehabilitation Act and the Americans with Disabilities Act ("ADA"). These matters have been fully and finally adjudicated by the Court, are not relevant to the issues remaining for trial, and are likely to lead to undue confusion and prejudice.

II

RELEVANT PROCEDURAL HISTORY

Plaintiff worked as a criminal investigator with the Federal Protective Service ("FPS"), an agency of the Department of Homeland Security ("DHS"), until he was terminated in 2007. He brought suit against the government alleging that he was subject to discrimination in violation of the Rehabilitation Act and the Age Discrimination in Employment Act and Retaliation in violation of the Rehabilitation Act, ADA and Title VII when he was suspended and then terminated for refusing to answer medical questions and provide releases ordered by FPS. MSJ Order, (Dckt. 46), at 8. Plaintiff refused to answer the questions and complete the releases.

The parties filed cross motions for summary judgment, which the Court resolved with an order partially granting and denying both parties' motions on May 3, 2010. See MSJ Order. In its order, the Court found Defendant had violated the Rehabilitation Act/ADA by requiring Plaintiff to answer the medical questions. The questions were "disability-related inquiries," which "were not narrowly tailored to address Plaintiff's current ability to work." Id. at 14-15. In contrast, the Court determined the releases did not violate the Rehabilitation Act or ADA. Id. at 23, n. 8. Finally, with regard to Plaintiff's claim that he was subject to retaliation in violation of the Rehabilitation Act and ADA when he was suspended and then terminated, the Court determined that neither party was entitled to summary judgment

on the question of "[w]hether Plaintiff would have been suspended and terminated even if he had answered the disability-related inquiries" and that these issues were appropriate for resolution at trial. Id. at 24.

III

SPECIFIC EVIDENCE TARGETED

Despite their having been fully adjudicated by the Court in its May 3, 2010, order, Plaintiff's proposed evidence indicates that he intends to rehash the lawfulness of the medical questions and the releases. See MIL Ex. 8 at 87:17-89:10, and 92:14-93:1. To illustrate, Plaintiff has designated the following exchange from the deposition of Steven Slagowski, the official who authorized Plaintiff's termination:

> Q. (by Mr. English) Did you understand at the time you were making the decision whether or not to remove Special Agent Scott from federal service that Special Agent Scott was asserting that specific federal laws forbid the types of medical inquiries that he was being asked to provide under penalty of being removed from service?
>
> A. That was his assertion.
>
> Q. Did you, independent of any consultation with counsel, look into whether or not Special Agent Scott's assertion was legitimate and correct?
>
> A. I don't specifically recall doing so.
>
> Q. Have you ever heard of EEOC enforcement guidelines?
>
> Deposition of Steven Slagowski, Volume 1, 87:17-88:5. Plaintiff has also designated:
>
> Q. (by Mr. English) You believed that it was his obligation to follow any direct order he was given regardless of whether it put him in imminent danger or caused irreparable harm, correct?
>
> A. Yes.
>
> ///

Q. It didn't matter what Special Agent Scott believed about the propriety of the questions that he was being asked to provide answers to because he was ordered to provide those answers and that's the end of it, correct?
A. Yes.

Id. at 92:14-24. Because this testimony relates to matters already conclusively determined by the Court during summary judgment, this testimony and any other evidence and argument also going to the legality of the questionnaire and release should be excluded from trial.

IV

ARGUMENT

Under Federal Rule of Evidence 401, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." United States v. Curtin, 489 F.3d 935, 943 (9th Cir. 2007). "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in that case." Curtin, 489 F.3d at 943 (internal quotations and citations omitted).

Plaintiff's proposed evidence concerning whether the medical questionnaire and/or release were overbroad is not probative of whether Defendant would have suspended or terminated him solely because of his refusal to answer the medical exam questionnaire. These matters have already been finally adjudicated by the Court. Plaintiff has not articulated how this evidence is probative of Defendant's reasons for the suspension and termination, the only "matter[s] properly provable in th[is] case." Curtin, 489 F.3d at 943. Plaintiff should not be permitted to resurrect these decided issues now. See Sclafani v. Air and Liquid Systems Corp., 2013 WL 2477077, *9 (C.D. Cal. May 9, 2013) (excluding evidence and argument of matters fully

adjudicated on summary judgment); See also United States v. Nevada, 2012 WL 1717296, *1 (D. Nev. April 30, 2012) (excluding evidence and argument at trial of whether plaintiff had satisfied USERRA's requirements when summary judgment had already been granted in the United States' favor on those issues).

Even if the Court determines evidence and argument regarding the matters decided on summary judgment is relevant to the narrow trial issues, the Court should bar the evidence and argument because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time or needless presentation of cumulative evidence." Fed. R. Evid. 403. Argument and evidence of the matters fully adjudicated on summary judgment has the potential to implicate virtually all of the grounds for exclusion identified in Rule 403.

Evidence establishing that Defendants medical questions and/or releases were illegal could confuse the jury by overemphasizing an issue already decided by the Court and no longer in dispute. See Fed. R. Civ. Pro 56(g). It may also unfairly prejudice the jury against Defendant by focusing on the illegality of limited aspects of Defendant's medical examination program. Presentation of this evidence will certainly waste time at trial. Given the limited probative value, at best, of this vein of testimony and argument, application of Rule 403's balancing test dictates that it be excluded from trial.

///

///

///

///

///

///

///

V

CONCLUSION

For the foregoing reasons, Defendant respectfully moves the Court for the exclusion of evidence relating to the legality of Defendant's medical questionnaire and/or release.

DATED: July 9, 2013

LAURA E. DUFFY
United States Attorney

s/ Laura Grimes
TIMOTHY C. STUTLER
Assistant U.S. Attorney
LAURA GRIMES
Assistant U.S. Attorney
Attorneys for the Defendant