LAURA E. DUFFY
United States Attorney
TIMOTHY C. STUTLER
Assistant U.S. Attorney
California State Bar No. 131794
LAURA GRIMES
Assistant U.S. Attorney
Virginia State Bar No. 75998
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7665/7748
Facsimile: (619) 546-7751

Attorneys for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>JANET A. NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Civil No. 08cv0735BTM(JMA)<br><br>DEFENDANT'S TRIAL BRIEF ON VALIDITY OF MEDICAL RELEASE LANGUAGE<br><br>TRIAL DATE: July 22, 2013<br>TIME: 9:30 a.m.<br>CTRM: 15B<br><br>JUDGE: Hon. Barry T. Moskowitz |

I

INTRODUCTION

At the July 18, 2013 pre-trial hearing, the Court asked the parties to brief the validity of the medical release language involved in Plaintiff's suspension and termination. As discussed below, the medical release language is valid under the Americans with Disabilities Act ("ADA").

///

///

///

///

II

NOTE RE PLAINTIFF'S BRIEF

Defendant has not yet had an opportunity to analyze the brief Plaintiff filed on this issue last night, but will be prepared to address it orally.

III

THE MEDICAL RELEASE LANGUAGE IS VALID UNDER THE ADA

A. SUSPENSION RELEASE

Plaintiff has argued the medical release language underlying his suspension is not valid as written. However, the Court has already determined the release language was valid under the ADA in its Summary Judgment Order ("MSJ Order"). Dckt. 46, 23:21-26. In its MSJ Order, the Court stated: "Plaintiff suggests that the releases were overbroad and violated his privacy rights. The Court does not agree." Id. at 23:21-22.

Plaintiff has also recently argued that the suspension release is invalid because Defendant did not consider Plaintiff's handwritten proposal to modify the release. But as this Court has observed, Defendant does not need to consider every employees' proposed changes to agency policy, as long as the policy is valid,.

Similarly, Plaintiff has also recently argued that the release is merely pretext because Defendant did not consider Plaintiff's modifications. However, this argument does not implicate the validity of the release language. Plaintiff is attempting to use this as a way to bolster the righteousness of his opposition to the medical questions. Plaintiff's pretrial filings make clear he wants to argue to the jury: "I was right, DHS was wrong, and the Court agrees with me." This implicates *Plaintiff's* motivations, which are not at issue in this case.

B. TERMINATION RELEASE

As with the suspension release, the Court already determined the termination release was valid under the ADA. MSJ Order, Dckt. 46, 23:26-28.

Aside from the release language, Plaintiff has also recently argued that the documents Ms. Hirano wanted Plaintiff to release must be considered to determine whether the termination release request was overly broad. Def. MIL Exh. 23. But Plaintiff has pointed to no document in that sheaf as to which the ADA barred Defendant from requesting a release. A covered entity may make inquiries into the ability of an employee to perform job-related functions. 42 U.S.C. § 12112(d)(4)(A) & (B). The only such inquiries barred by the ADA are inquiries into "whether such employee is an individual with a disability or as to the nature or severity of the disability." 42 U.S.C. § 12112(d)(4)(A). And not all such inquiries are barred. The test for validity is whether the inquiry is "job related and consistent with business necessity." Id.; 29 C.F.R. Pt. 1630, App., § 1630.14(c).

Plaintiff has pointed to no document whose release could not be requested consistent with the ADA. The challenged documents include such things as medical records, work e-mails regarding Plaintiff's injury, and injury-related leave requests. Def. MIL Exh. 23. For example, the e-mails discuss Plaintiff's use of his arm/shoulder at work, his arm/shoulder related medical appointments, and his physical progress and its effect on his job duties. Def. MIL Exh. 23.

## IV

## CONCLUSION

As discussed above, the medical release language underlying Plaintiff's suspension and termination is valid under the ADA. Plaintiff's attempts to again challenge the validity of the release language for any other purpose in not involved in this case.

DATED: July 23, 2013

LAURA E. DUFFY
United States Attorney

/s/ Timothy C. Stutler
TIMOTHY C. STUTLER
Assistant U.S. Attorney
LAURA GRIMES

Assistant U.S. Attorney
Attorneys for Defendant