LAURA E. DUFFY
United States Attorney
TIMOTHY C. STUTLER
Assistant U.S. Attorney
California State Bar No. 131794
LAURA GRIMES
Assistant U.S. Attorney
Virginia State Bar No. 75998
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7665/7748
Facsimile: (619) 546-7751

Attorneys for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>JANET A. NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Civil No. 08cv0735BTM(JMA)<br><br>DEFENDANT'S TRIAL BRIEF REGARDING THE COURT'S PROPOSED INSTRUCTIONS REGARDING RELEASES<br><br>TRIAL DATE: July 22, 2013<br>TIME: 9:30 a.m.<br>CTRM: 15B<br><br>JUDGE: Hon. Barry T. Moskowitz |

I

SUMMARY OF BRIEF

Today the Court provided to the parties its current proposed jury instructions. For the reasons stated orally in open court, in writing in Defendant's Trial Brief on Validity of Medical Release Language (Dckt. No. 147), and below, Defendant objects to the Court's unnumbered instructions titled "Releases" and "Whether Suspension and/or Termination Violated ADA." See Exhs. 1 and 2, lodged herewith. Defendant asks the Court to use the alternate set of instructions it provided to the parties today.

In the event the Court overrules Defendant's objections, Defendant proposes an alternative to the "Releases" instruction, which is lodged herewith as Exhibit 3.

II

THE COURT'S PROPOSED "RELEASES" INSTRUCTION

In addition to the grounds previous stated by Defendant, Defendant objects to the Court's proposed "Releases" instruction because it fails to instruct that Plaintiff bears the burden of proof on the issue, and contains internally inconsistent standards. See Exh. 1. As written, the jury could find that Defendant could not lawfully require the releases in question, but at the same time find that the Plaintiff's refusals to sign the releases were not protected activity.

Also, the Court's proposed "Releases" instruction incorrectly instructs that a release must always be related to a medical "examination." The evidence in the present case shows that Defendant requested the termination release as an *alternative* to such an examination: if the release documents satisfied Dr. Saladino that Plaintiff could perform the essential functions of his position, then a medical examination might not been avoided. If an employer is willing to accept a certification from an employee's private physician that the employee is able to perform his duties, the ADA's confidentiality provision does not bar a request to release the private physician's documentation merely because the employer does not contemplate an additional medical examination.

III

THE COURT'S PROPOSED INSTRUCTION REGARDING

"WHETHER SUSPENSION AND/OR TERMINATION VIOLATED ADA"

For the reasons previously articulated, and because the instruction does not reflect that Plaintiff bears the burden of proof on his claims, Defendant objects to the language stricken out below in the instruction regarding "Whether Suspension and/or Termination Violated ADA":

> THE DEFENDANT, DHS, CONTENDS THAT IT WOULD HAVE SUSPENDED AND/OR TERMINATED MR. SCOTT EVEN IF HE HAD ANSWERED THE QUESTIONS, BECAUSE HE IMPROPERLY REFUSED TO RELEASE THE MEDICAL AND RELATED

DOCUMENTS. IF YOU FIND THAT THE REFUSAL TO PROVIDE ONE OR BOTH OF THE RELEASES WAS NOT PROTECTED ACTIVITY UNDER THE ADA, THEN YOU MUST DETERMINE WHETHER THE PLAINTIFF HAS PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT HE WAS SUSPENDED AND/OR TERMINATED BECAUSE HE REFUSED TO ANSWER THE QUESTIONS. STATED ANOTHER WAY, PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT PLAINTIFF'S PROTECTED ACTIVITY WAS ONE OF THE REASONS FOR THE ADVERSE EMPLOYMENT ACTION AND THAT IF PLAINTIFF HAD NOT ENGAGED IN THE PROTECTED ACTIVITY, THE ADVERSE EMPLOYMENT ACTION WOULD NOT HAVE OCCURRED.

IV

DEFENDANT'S PROPOSED ALTERNATIVE INSTRUCTION

In the event the Court overrules Defendant's objections to the Court's proposed "Releases" instruction, Defendant proposes the language set forth in Exhibit 3 lodged herewith as an alternative to the Court's proposed instruction.

DATED: July 29, 2013

LAURA E. DUFFY
United States Attorney

/s/ Timothy C. Stutler
TIMOTHY C. STUTLER
Assistant U.S. Attorney
LAURA GRIMES
Assistant U.S. Attorney
Attorneys for Defendant