LAURA E. DUFFY
United States Attorney
TIMOTHY C. STUTLER
Assistant U.S. Attorney
California State Bar No. 131794
LAURA GRIMES
Assistant U.S. Attorney
Virginia State Bar No. 75998
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7665/7748

Attorneys for the Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>JANET A. NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Civil No. 08cv0735BTM(JMA)<br><br>DEFENDANT'S NOTICE OF LODGMENT OF EXHIBITS IN SUPPORT OF DEFENDANT'S TRIAL BRIEF REGARDING THE COURT'S PROPOSED INSTRUCTIONS REGARDING RELEASES<br><br>TRIAL DATE: July 22, 2013<br>TIME: 9:30 a.m.<br>CTRM: 15B<br><br>JUDGE: Hon. Barry T. Moskowitz |

Defendant, by and through her counsel, United States Attorney Laura E. Duffy, Assistant U.S. Attorney's Timothy C. Stutler and Laura M. Grimes, hereby lodge the following exhibits in support of Defendant's Trial Brief Regarding the Court's Proposed Instructions Regarding Releases:

///

///

///

///

///

///

| Exhibit | Description | Page Nos. |
|---|---|---|
| 1 | Court's Proposed "Releases" Instruction | DefTrialBrief00002 |
| 2 | Court's Proposed Instruction re "Whether Suspension and/or Termination Violated ADA" | DefTrialBrief00004-00005 |
| 3 | Defendant's Proposed "Releases" Instruction | DefTrialBrief00007 |


DATED: July 29, 2013

LAURA E. DUFFY
United States Attorney

s/ Timothy C. Stutler
TIMOTHY C. STUTLER
Assistant U.S. Attorney
LAURA GRIMES
Assistant U.S. Attorney
Attorneys for the Defendant

# EXHIBIT 1

RELEASES

IT IS FOR YOU TO DECIDE WHETHER PLAINTIFF ENGAGED IN PROTECTED ACTIVITY UNDER THE ADA (1) WHEN HE DECLINED TO SIGN THE MEDICAL RELEASE IN 2005; AND (2) WHEN HE DECLINED TO SIGN THE MEDICAL RELEASE IN 2007.

AN EMPLOYER MAY REQUIRE THAT AN EMPLOYEE RELEASE DOCUMENTS REASONABLY RELATED TO A MEDICAL EXAMINATION ORDERED BY THE EMPLOYER IF THE EXAMINATION IS NARROWLY TAILORED TO ASSESSING WHETHER THE EMPLOYEE CAN PERFORM THE ESSENTIAL FUNCTIONS OF HIS JOB.

ON THE OTHER HAND, AN EMPLOYEE MAY REFUSE TO RELEASE DOCUMENTS IF THE DOCUMENTS IN QUESTION REVEAL MEDICAL INFORMATION AND DO NOT REASONABLY RELATE TO A MEDICAL DETERMINATION OF WHETHER THE EMPLOYEE CAN PERFORM THE ESSENTIAL FUNCTIONS OF HIS JOB.

ACCORDINGLY, IF THE RELEASE(S) IN QUESTION WAS LIMITED TO DOCUMENTS REASONABLY RELATED TO A MEDICAL EXAMINATION THAT WAS NARROWLY TAILORED TO DETERMINE WHETHER PLAINTIFF COULD PERFORM THE ESSENTIAL FUNCTIONS OF HIS JOB, PLAINTIFF'S REFUSAL TO SIGN THE RELEASE(S) WAS NOT A PROTECTED ACTIVITY UNDER THE ADA.

IF THE RELEASE(S) PERTAINED TO DOCUMENTS THAT REVEALED MEDICAL INFORMATION AND WERE NOT REASONABLY RELATED TO A MEDICAL DETERMINATION OF WHETHER PLAINTIFF COULD PERFORM THE ESSENTIAL FUNCTIONS OF HIS JOB, PLAINTIFF'S REFUSAL TO RELEASE THOSE DOCUMENTS WAS PROTECTED ACTIVITY UNDER THE ADA.

# EXHIBIT 2

WHETHER SUSPENSION AND/OR TERMINATION VIOLATED ADA

YOU MUST DETERMINE (1) WHETHER PLAINTIFF WAS SUSPENDED BECAUSE OF HIS PROTECTED ACTIVITY UNDER THE ADA; AND (2) WHETHER PLAINTIFF WAS TERMINATED BECAUSE OF HIS PROTECTED ACTIVITY UNDER THE ADA.

SUSPENSION

TO ESTABLISH THAT HIS SUSPENSION VIOLATED THE ADA, PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT IF HE HAD NOT ENGAGED IN PROTECTED ACTIVITY UNDER THE ADA, HE WOULD NOT HAVE BEEN SUSPENDED IN 2006.

TERMINATION

TO ESTABLISH THAT HIS TERMINATION VIOLATED THE ADA, PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT IF HE HAD NOT ENGAGED IN PROTECTED ACTIVITY UNDER THE ADA, HE WOULD NOT HAVE BEEN TERMINATED IN 2007.

THE DEFENDANT, DHS, CONTENDS THAT IT WOULD HAVE SUSPENDED AND/OR TERMINATED MR. SCOTT EVEN IF HE HAD ANSWERED THE QUESTIONS, BECAUSE HE IMPROPERLY REFUSED TO RELEASE THE MEDICAL AND RELATED DOCUMENTS. IF YOU FIND THAT THE REFUSAL TO PROVIDE ONE OR BOTH OF THE RELEASES WAS NOT PROTECTED ACTIVITY UNDER THE ADA, THEN YOU MUST DETERMINE WHETHER THE PLAINTIFF HAS PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT HE WAS SUSPENDED AND/OR

TERMINATED BECAUSE HE REFUSED TO ANSWER THE QUESTIONS. STATED ANOTHER WAY, PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT PLAINTIFF'S PROTECTED ACTIVITY WAS ONE OF THE REASONS FOR THE ADVERSE EMPLOYMENT ACTION AND THAT IF PLAINTIFF HAD NOT ENGAGED IN THE PROTECTED ACTIVITY, THE ADVERSE EMPLOYMENT ACTION WOULD NOT HAVE OCCURRED.

IF YOU FIND PLAINTIFF HAS PROVED EACH OF THE ELEMENTS FOR HIS SUSPENSION CLAIM AND/OR TERMINATION CLAIM, YOUR VERDICT SHOULD BE FOR PLAINTIFF ON THAT CLAIM(S). IF, ON THE OTHER HAND, PLAINTIFF HAS FAILED TO PROVE ANY ONE OR MORE OF THESE ELEMENTS FOR HIS CLAIM(S), YOUR VERDICT SHOULD BE FOR THE DEFENDANT ON THAT CLAIM(S).

# EXHIBIT 3

RELEASES

IT IS FOR YOU TO DECIDE WHETHER PLAINTIFF HAS PROVED THAT HE ENGAGED IN PROTECTED ACTIVITY UNDER THE ADA (1) WHEN HE DECLINED TO SIGN THE MEDICAL RELEASE IN 2005; AND (2) WHEN HE DECLINED TO SIGN THE MEDICAL RELEASE IN 2007.

AN EMPLOYER MAY NOT REQUIRE THAT AN EMPLOYEE RELEASE DOCUMENTS REVEALING MEDICAL INFORMATION UNLESS SUCH DOCUMENTS REASONABLY RELATE TO A MEDICAL DETERMINATION OF WHETHER THE EMPLOYEE COULD PERFORM THE ESSENTIAL FUNCTIONS OF HIS JOB.

IF YOU FIND THAT PLAINTIFF HAS PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT MR. NEGRETE ORDERED HIM TO RELEASE DOCUMENTS IN 2005 THAT (1) REVEALED MEDICAL INFORMATION, AND (2) DID NOT REASONABLY RELATE TO A MEDICAL DETERMINATION OF WHETHER PLAINTIFF COULD PERFORM THE ESSENTIAL FUNCTIONS OF HIS JOB, THEN PLAINTIFF'S REFUSAL TO RELEASE SUCH DOCUMENTS WAS PROTECTED ACTIVITY UNDER THE ADA.

IF YOU FIND THAT PLAINTIFF HAS PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT MS. HIRANO ORDERED HIM TO RELEASE DOCUMENTS IN 2007 THAT (1) REVEALED MEDICAL INFORMATION, AND (2) DID NOT REASONABLY RELATE TO A MEDICAL DETERMINATION OF WHETHER PLAINTIFF COULD PERFORM THE ESSENTIAL FUNCTIONS OF HIS JOB, THEN PLAINTIFF'S REFUSAL TO RELEASE SUCH DOCUMENTS WAS PROTECTED ACTIVITY UNDER THE ADA.