1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JAMES SCOTT,                          Case No. 08cv735 BTM(JMA)

12                          Plaintiff,     **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO REDUCE DAMAGES AWARD**

13        v.

14   JANET A. NAPOLITANO,
     SECRETARY, DEPARTMENT OF
15   HOMELAND SECURITY,

16                          Defendant.

17

18       The United States has filed a motion to reduce the jury's award of

19   compensatory damages in the amount of $1,100,000 to the $300,000 cap

20   mandated by statute.   Plaintiff's compensatory damages are capped at

21   $300,000 by 42 U.S.C. § 1981a(b)(3)(D).   Therefore, the Court grants the

22   United States' motion to reduce the jury's award to $300,000.

23       The United States also moves to further reduce the award to an amount

24   between $5,000 and $100,000 on the ground that $300,000 is speculative and

25   grossly excessive in light of the evidence Plaintiff presented at trial.  The Court

26   may reverse the jury's finding of the amount of damages only if the "amount is

27   grossly excessive or monstrous." Lambert v. Ackerley, 180 F.3d 997, 1011 (9th

28   Cir. 1999) (en banc).  The Ninth Circuit does not require that objective evidence

     of emotional distress be presented, and a plaintiff's testimony alone can be

1   sufficient to substantiate a jury's award of emotional distress.   Zhang v.

2   American Gem Seafoods, Inc., 339 F.3d 1020 (9th Cir. 2003).   In Zhang, the

3   Ninth Circuit held that an award of compensatory damages, whether in the

4   amount of $223,155 or $123,155, was supported by the evidence where the

5   plaintiff testified that after he was terminated, he was very hurt and troubled by

6   the termination and the damage to his dignity and reputation.   Id. at 1040-41.

7   See also Casumpang v. Int'l Longshore & Warehouse Union, Local 142, 411

8   F. Supp. 2d 1201, 1217-18 (D. Haw. 2005) (refusing to reduce compensatory

9   damage award in the amount of $240,000 where the plaintiff testified that as

10   a result of his suspension and fine, he was ashamed and embarrassed, felt

11   unhappy about missing time with his children while working a second job and

12   about his inability to send his children to college, lost sleep, lost his sexual

13   appetite, aggravated his high blood pressure, and gained weight); Ward v.

14   Sorrento Lactalis, Inc., 2005 WL 4021366, at *4-5 (D. Idaho Dec. 22, 2005)

15   (denying motion to reduce award below $300,000 statutory cap because the

16   plaintiff testified that after his termination, he could no longer afford his home

17   and his car was repossessed); Velez v. Roche, 335 F. Supp. 2d 1022, 1038-41

18   (N.D. Cal. 2004) (denying motion to reduce award below $300,000 statutory

19   cap in light of plaintiff's testimony and the testimony of her husband that she

20   became depressed, could not sleep, lost interest in her children and hobbies,

21   and could barely get anything done).

22      In this case, Mr. Scott, Mrs. Scott, and Mr. Ballestros testified regarding

23   the hurt, embarrassment, and depression Mr. Scott experienced as a result of

24   his termination.  The jury heard this evidence and determined that an award of

25   $1,100,000 was just compensation for Mr. Scott's emotional injuries.  Although

26   the jury's award must be reduced to $300,000, the Court finds no basis for

27   reducing the award any further.   In light of the trial testimony regarding the

28   emotional distress Mr. Scott suffered, an award of $300,000 is not "grossly

1  excessive" or "monstrous."[1]  Therefore, the Court denies the United States'

2  motion to reduce the jury's award below $300,000.

3  **IT IS SO ORDERED.**

4  DATED:  September 9, 2013

5  BARRY TED MOSKOWITZ, Chief Judge

6  United States District Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  [1] Even if, as the United States argues, Mr. Scott cannot recover emotional distress
26  damages after he obtained a job as a law enforcement officer at Camp Pendleton, about a
year and a half after his termination, the Court cannot conclude that a year and a half of
emotional suffering is worth less than $300,000. See, e.g., Arevalo v. Oregon Dep't of Motor
27  Vehicles, 208 F. Supp. 2d 1160, 1165 (D. Or. March 26, 2002) (denying motion to reduce
compensatory damage award of $250,000 because the jury could have found that the
28  plaintiff experienced significant distress and humiliation for more than a year as a result of
DMV's discriminatory conduct).