**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JAMES SCOTT,

Plaintiff,

v.

JANET A. NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY,

Defendant.

Case No. 08cv735 BTM(JMA)

**ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant has filed a motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b). On October 3, 2013, the Court held a hearing on the motion. For the reasons set forth on the record and set forth below, Defendant's motion is **DENIED**.

## I. STANDARD

When ruling on a motion for judgment as a matter of law, the court asks "whether the evidence, construed in the light most favorable to the nonmoving party permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." Acosta v. City of Costa Mesa, 718 F.3d 800, 828 (9th Cir. 2013). The court must draw all reasonable inferences in favor of the nonmoving party, "keeping in mind that 'credibility determinations, the weighing

of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" Id. (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)). Nevertheless, a reasonable inference cannot be supported by only threadbare conclusory statements or mere speculation. Lakeside-Scott v. Multnomah County, 556 F.3d 797, 802 (9th Cir. 2009).

## II. DISCUSSION

Defendant moves for judgment as a matter of law on the ground that Plaintiff failed to prove that Defendant would not have terminated him but for his protected activity (refusal to answer the eight medical questions). In other words, Defendant claims that the evidence does not support the jury's determination that if Plaintiff had answered the eight medical questions but refused to sign the release, Defendant would not have terminated Plaintiff. As discussed at the hearing, the Court disagrees with Defendant.

In addition to the theory advanced by Plaintiff's counsel in Plaintiff's opposition to the motion, there are a number of theories regarding how the jury could have reasonably reached their verdict based on the evidence presented at trial. For example, the jury could have found that Ms. Hirano and Mr. Slagowski's primary focus was on the medical questions, not the release, because the release only pertained to documents already in Defendant's possession, many of which were e-mails and other non-medical documents. Based on the language of the release and the documents that were the subject of the release, as well as the lack of testimony from anyone that Plaintiff would have been fired solely for refusing to sign the release, the jury could have reasonably concluded that the decision makers would not have taken the drastic measure of termination for refusal to sign the release.

Another possible theory is that the jury concluded that Plaintiff's refusal

to answer the questions was the "but for" cause of his suspension, either because the release was part and parcel with the questions (the release authorized any of the doctors, hospitals, or clinics identified in answers to the questions to provide medical records) or because the release did not release anything at all in Plaintiff's case because Plaintiff did not identify any doctors, hospitals, or clinics on the form. The jury may have concluded that because Plaintiff's suspension was caused by his refusal to answer the questions, Plaintiff's subsequent termination also flowed from Plaintiff's protected activity.

The Court is sure there are additional theories other than those discussed above or advanced by Plaintiff that support the jury's verdict. However the jury reached its verdict, the Court finds that the jury's determination is a reasonable one based on all of the evidence. Therefore, Defendant is not entitled to judgment as a matter of law.

## III. CONCLUSION

For the reasons discussed above, Defendant's motion for judgment as a matter of law is **DENIED**.

**IT IS SO ORDERED.**

DATED: October 7, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court